## UNITED STATES v. STEARNS SALT & LUMBER CO.

(District Court, W. D. Michigan, S. D. November 16, 1908.)

CARRIERS (§ 38*)—SHIPPERS—OFFENSES—REBATES.

Defendant was indicted in 20 counts, each charging the unlawful receipt of a rebate on an interstate shipment of a car load of lumber between certain points. Each count charged that the lawful freight rate was 11 cents, and that defendant, knowing such fact, delivered the lumber to the railroad's receiver for transportation and delivery to the consignee: that the lawful rate of 11 cents was charged to and collected from the consignee in the form of a freight rate of 7 cents, plus a fictitious advance charge of 4 cents, and that later at the end of the month such fictitious advance charge was returned to defendant as a rebate, and that defendant thereby accepted and received on the date of the payment of the rebate a concession, rebate, and discrimination of 4 cents per hundred. *Held* that, it being conceded that while there were 20 shipments there were but 6 rebate payments, in accordance with monthly settlements, defendant was only guilty under such indictment of 6 offenses.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 38.*]

George G. Covell, Dist. Atty., and Wm. K. Clute, Asst. Dist. Atty., for the United States.

Victor M. Gore and Jacob Kleinhans, for defendant.

### On Motion for New Trial.

KNAPPEN, District Judge. The respondent pleaded guilty to an indictment containing 20 counts, each charging the unlawful receipt of a rebate upon a shipment of a car load of lumber from Ludington, Mich., to Toledo, Ohio. A fine of $20,000 was imposed as a punishment under the indictment as an entirety.

A new trial is asked upon the ground that the plea of guilty was entered under a misapprehension of law and fact on the part of the respondent, in that, while the shipments were 20 in number, there were in fact but 6 payments; the rebates on account of shipments during the current month being paid simultaneously in one item and by one draft at the end of the month. This fact is admitted by counsel for the government. The question is thus raised whether, under the indictment, the respondent could properly be convicted of more than six violations of the interstate commerce law.

The indictment alleges, in each count, that the published and lawful freight rate on lumber in car load lots from Ludington to Toledo was 11 cents, and that defendant knew it; that the lumber was delivered by defendant to the railroad's receiver for transportation and delivery to the consignee; that the lawful rate of 11 cents was charged to and collected from the consignee in the form of a freight rate of 7 cents, plus a fictitious advance charge of 4 cents; that later, and at the end of the month, the fictitious advance charge of 4 cents was returned to defendant as a rebate, and that thereby defendant accepted and received, at the date of the payment of said rebate, a "concession, rebate and discrimination" of 4 cents per 100 pounds. It will be noted

that the indictment does not in terms charge the commission by defendant of any offense in accepting or receiving a discrimination or concession with respect to the transportation of the lumber, except as such discrimination and concession is involved in the payment at the end of the month of the rebate in question.

It is thus not necessary to decide what the rule would be in case the indictment had in terms charged the acceptance of a discrimination at the time of the shipment (by way of agreement for the return and acceptance of the rebate, followed by such subsequent return and acceptance) although the decision of the United States Circuit Court of Appeals for the Seventh Circuit, in the case of United States v. Standard Oil Company, 164 Fed. 376, apparently favors the proposition that even in such case the offense is not committed until the payment and receipt of the rebates, and that each payment constitutes but one offense. I am, however, constrained to hold (in accordance with the decisions of Judge Hough in the cases of United States v. Great Northern Ry. Co. [C. C.] 157 Fed. 288, and United States v. Central Vermont Ry. Co. [C. C.] Id. 291) that under the indictment as framed, and the admitted facts respecting the method of payment and settlement, the defendant was properly subject to conviction of but six violations.

In view of the conceded violations to this extent, the motion for new trial should not be granted. The conviction and judgment thereon will, however, be set aside upon condition that simultaneously therewith the defendant in open court formally plead guilty to six counts of the indictment, and submit to sentence thereon.